Filed 12/16/24  In re M.S. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re M.S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. M.S., Defendant and Appellant. | E083571 (Super.Ct.No. J289806) OPINION |

APPEAL from the Superior Court of San Bernardino County.  Stephanie Thornton-Harris, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

M.S. appeals from the juvenile court's dispositional order committing him to a term of confinement at Gateway to Arise (Arise), a secure youth treatment facility.  We

1

appointed counsel to represent M.S. on appeal, and counsel filed an opening brief that raised no issues and requested independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738.  We affirm.

BACKGROUND

In July 2021, the People filed a petition under Welfare and Institutions Code section 602, subdivision (a).  As amended, the petition alleged that M.S. committed second degree robbery (Pen. Code, § 211; unlabeled statutory citations refer to the Penal Code) and grand theft from a person (§ 487, subd. (c)).  The petition also alleged a criminal street gang enhancement.  (§ 186.22, subd. (b)(1)(C).)

M.S. admitted the grand theft count in exchange for the dismissal of the remaining allegations.  At the dispositional hearing in August 2021, M.S. was declared a ward of the court and placed on probation.

In May 2022, the People filed a subsequent Welfare and Institutions Code section 602 petition alleging that M.S. had a concealed firearm in violation of section 25400, subdivision (a)(1).  The probation department reported that M.S. had fled from police by vehicle and then by foot.  The juvenile court detained M.S. in juvenile hall, and the People filed an amended subsequent petition three days later alleging that M.S. had also committed a carjacking (§ 215, subd. (a)) and two robberies (§ 211) in July 2021, and battery with serious bodily injury (§ 243, subd. (d)) and another robbery (§ 211) in September 2021.  The People also alleged that the battery count was a serious felony (§ 1192.7, subd. (c)) and that the remaining additional counts were serious and violent

2

felonies (*Ibid.*; § 667.5, subd. (c)). The People requested that the juvenile court hold a transfer hearing pursuant to Welfare and Institutions Code section 707, subdivision (a)(1), to determine whether M.S. should be transferred to a court of criminal jurisdiction.

In July 2023, at the transfer hearing, the juvenile court found that the People had not carried their burden of proving by clear and convincing evidence that M.S. was not amenable to rehabilitation within the jurisdiction of the juvenile court.

In January 2024, the probation department filed a jurisdictional and dispositional report recommending that M.S. be committed to a secure youth treatment facility. The department analyzed each of the five criteria governing such commitments under Welfare and Institutions Code section 875, subdivision (a)(3).

First, the department analyzed the severity of the offense or offenses for which the youth had been most recently adjudicated, including the youth's role in the offense, the youth's behavior, and harm done to the victims. The department reported that M.S.'s "degree of criminal sophistication [was] alarming as [M.S.] is reckless, dangerous, and has completely showed no regard for his and community safety."

Second, the department analyzed M.S.'s previous delinquent history, including the adequacy and success of previous attempts by the juvenile court to rehabilitate M.S. The probation department reported that M.S. had "made no effort to change his delinquent behavior while out in the community on [p]robation."

Third, the department analyzed whether the programming, treatment, and education offered and provided at Arise was appropriate to meet the treatment and

security needs of M.S. The department reported that the facility had "everything [M.S. would] need to one day be able to transition back to society as a productive citizen," including "access to on-site therapists and a variety of evidence-based programs."

Fourth, the department analyzed whether the goals of rehabilitation and community safety could be met by an alternative, less-restrictive disposition that was available to the juvenile court. The department noted that "[w]hile on probation, [M.S. had] associate[ed] with criminal street gang[s], attempted to evade law enforcement while having possession of a firearm and ammunition, and violently caused visible injuries to [the] head and face of a victim requiring medical attention. In addition, [M.S. had] prove[d] himself to be a threat to his own safety and the community's safety, as he engages in violent criminal behavior." The department further noted that it "would be impossible for the goals of rehabilitation and community safety to be met at the same time by assigning this youth to an alternative, less restrictive placement" and that "[p]lacing this youth in the community in any setting that is not secured and or locked would be putting the community at risk."

And fifth, the department analyzed whether M.S.'s age, developmental maturity, mental and emotional health, sexual orientation, gender identity and expression, and any disability or special needs would affect the safety or suitability of committing M.S. to a term of confinement at a secure youth treatment facility. The department reported that M.S. was 19 years old at the time and did "not suffer from any disabilities or needs, which would make it difficult to safely commit the youth to a term of confinement in [a

4

secure youth treatment facility].” The department recommended that M.S. be committed to a secure youth treatment facility for a baseline term of confinement of three years and a maximum term of confinement of four years eight months.

In February 2024, M.S. admitted the two July 2021 robberies, and the People dismissed the remaining counts. Following M.S.’s admissions, the juvenile court held a disposition hearing and adopted the probation department’s analysis for each of the commitment factors and committed M.S. to Arise with a baseline term of three years and a maximum term of four years eight months. The court advised M.S. that because his offenses were “very serious,” he could “never have [his] record sealed.” The court awarded M.S. 689 days of custody credit.

## DISCUSSION

M.S.’s appellate counsel filed a *Wende* brief identifying five potentially arguable issues: (1) whether the court properly found that a less restrictive alternative disposition was unsuitable; (2) whether the court properly found that Arise would be a probable benefit to M.S.; (3) whether the court properly found that there was evidence in the record about relevant programs available at Arise; (4) whether the court correctly calculated M.S.’s maximum term of confinement; and (5) whether the court correctly determined that M.S.’s record could not be sealed under Welfare and Institutions Code section 707. Counsel asked that we conduct an independent review of the record. We advised M.S. that he had 30 days to file a personal supplemental brief, and we received no response.

5

We have independently reviewed the record and found no arguable error that would result in a disposition more favorable to M.S.  (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.)  Accordingly, we affirm the juvenile court's disposition.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL RECORDS

MENETREZ_____<br>J.

We concur:

RAMIREZ_____<br>P. J.

McKINSTER_____<br>J.